**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000082
15-MAY-2015
08:31 AM**

NO. CAAP-11-0000082

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF AB

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-J NO. 00-80244)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Arising out of the continued supervision and care of a minor, AB, who was adjudicated as a law violator, Appellant Department of Health (DOH) appeals from (1) the January 13, 2011 "Order Denying Motion for Reconsideration of the Order Entered on September 20, 2010 Filed October 12, 2010 and Granting of Supervised Release" and (2) the September 20, 2010 "Order Re: Return One-Panel Fitness Hearing" entered by the Family Court of the First Circuit (Family Court),[1] in which the Family Court ordered the DOH to provide payment for AB's services and treatment.

On appeal, the DOH argues that the Family Court erred because it (1) required the DOH to pay for AB's hospital-based treatment and services without proper subject matter jurisdiction and (2) relied upon a letter submitted by Thomas Cunningham, Ph.D. (Dr. Cunningham), as evidence justifying its order that the DOH continue AB's hospitalization until space was available in a DOH-approved residential program. In conjunction with these points, DOH challenges Findings of Fact 16, 18, 19, 20, 21, and

---

[1] The Honorable Bode A. Uale presided.

23 and Conclusion of Law 3.

No answering briefs have been filed.

Based on our review of the issues raised and the arguments made by the DOH, the authority cited and the record, we resolve the issues as follows.

DOH's appeal essentially challenges the Family Court's ability to order it to pay for services rendered by Queen's Medical Center's Family Treatment Center (Queen's) from July 28, 2010 onward. DOH maintains that the Family Court erred because it lacked subject matter jurisdiction to enter orders requiring DOH to pay for hospital-based residential placement and "[t]here is no statutory provision authorizing the family court to order DOH to pay for [AB's] care at the hospital in this case without establishing a legal obligation to do so." Relying on In re Doe, 96 Hawaiʻi 272, 30 P.3d 878 (2001), DOH argues that because the Family Court is a court of limited jurisdiction, it "cannot simply cite the best interests of the child to establish a legal basis to pay for the court ordered services." We agree.

At the time of the filing of the petitions at issue here, AB was on probation as a result of previously adjudicated petitions. In disposing of the instant petitions, the Family Court

> ORDERED that pursuant to Section 704-411 HRS, the minor shall be acquitted on the grounds of physical or mental disease and lack of penal responsibility; that pursuant to Section 704-413 HRS and 704-414 HRS.
>
> 1. The minor is continued on probation until the further order of the court.
>
> 2. Over objection by the Department of Health, from July 28, 2010 the Department of Health shall bear the cost of the minor's placement until she is placed at Julia House. If minor's mother has paid for the cost of placement for the minor since July 28, 2010, she shall be reimbursed.
>
> 3. The trial previously set on 11/18/10 at 1:30 p.m. is set aside.
>
> 4. All prior consistent orders shall remain in full force and effect.

The Family Court cited HRS §§ 704-411, -413 and -414 (2014) in its order. Assuming that the provisions regarding Responsibility and Fitness in the Penal Code apply to the

2

adjudication of a minor, neither HRS § 704-413 "Conditional release; application for modification of discharge; termination of conditional release and commitment," nor HRS § 704-414 "Procedure upon application for discharge, conditional release, or modification of conditions of release" apply to this case, as they provide for procedures after commitment. Moreover, where a person is found not guilty due to physical or mental disease, disorder or defect excluding responsibility, a hearing must be held to determine whether the person is still affected, presents a risk of danger to self or to others, and is not a proper subject for conditional release. HRS § 704-411. There is nothing in the record showing that such a hearing was held or that AB was committed to the custody of DOH pursuant to such a determination.

Alternatively, although HRS § 571-44 (2006) does authorize examination and/or treatment for physical or mental issues of a "minor who has been adjudicated by the court[,]" our review of this record does not reveal that the Family Court entered such an order regarding AB. To the contrary, in the September 29, 2010 "Order re: Return One-Panel Fitness Hearing," acquitting AB of the allegations in the Petitions, no accompanying order committing AB to the DOH or any mental or physical health professional appears. Rather, the Family Court continued AB on probation as ordered in previous petitions.

The Hawai'i Supreme Court has held that, even under the broad authority granted by the Child Protective Act, HRS Chapter 587, the family court must have a legal basis upon which it issues orders to pay for treatment and services.

> The family court's jurisdiction is not so broad that it extends to the ability to simply order anyone to pay for needed services. Obviously, there must be a legal basis establishing an obligation to pay

In re Doe, 96 Hawai'i at 286, 93 P.3d 892. However, there is no indication in the record that the Family Court invoked its authority under HRS Chapter 587 or found evidence that AB had been harmed or was in danger of imminent harm. HRS § 587-11 (2006); HRS § 587A-5 (Supp. 2014).

Based on our review of the record and the authority cited by the parties below, DOH on appeal, and the Family Court, there does not appear to be authority, under the facts of this case, for the Family Court's order obligating the DOH to pay for the medical services provided by Queen's after July 28, 2010. Said order was in error.  In re Doe, 96 Hawai'i at 286, 93 P.3d 892.

Our resolution of this issue makes it unnecessary to address the other points of error raised by the DOH.

Therefore, paragraph 2 of the Family Court of the First Circuit's September 20, 2010 "Order Re: Return One-Panel Fitness Hearing" ordering the Department of Health to pay for medical services rendered by Queen's to AB from July 28, 2010 is vacated. The order is affirmed in all other respects.

DATED:  Honolulu, Hawai'i, May 15, 2015.

On the briefs:

Kurt J. Shimamoto and
Mary Anne Magnier,
Deputy Attorneys General,
for Appellant.

Presiding Judge

Associate Judge

Associate Judge

4